OLIVER COULOMBE *et al. vs.* ARMAND BOIS *et al.*

JULY 10, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This action of trespass was heard in the superior court before a justice thereof sitting without a jury, and at the conclusion of the evidence he rendered a decision for the defendants.   The case is before us on plaintiffs' bill of exceptions to that decision and to certain evidentiary rulings made during the trial.

The plaintiffs are husband and wife.   The defendant Loloer Bois is the father of defendant Armand Bois.   The declaration charges that defendants in the latter part of 1948 entered upon plaintiffs' land, situated in the town of North Smithfield in this state, and took and carried away therefrom and converted to their own use 120 trees  with a diameter of over six inches, together with certain other trees of smaller size, all to the value of $3,000.   The plaintiffs sought double damages under the provisions of general laws 1938, chapter 588, §1.

It appears from the evidence that neither defendant cut, carried away, or converted any of the trees belonging to plaintiffs, but that Nelson Lataille, father-in-law of defendant Armand Bois, did actually do so.   He testified that defendant Armand Bois gave him permission to cut on his land, which is adjacent to plaintiffs' land, but did not point

out the exact boundary between the two tracts. Lataille also testified that while he was cutting, plaintiff Oliver Coulombe came up and started to talk about the line; that he, Lataille, asked where it was, as he did not want to cut any of plaintiffs' wood; that Coulombe answered: "It don't make no difference to me." He further testified that near the place where they were talking there was a path which looked as if a team had traveled over it; that he asked Coulombe: "Will it be all right if I take that path?"; that Coulombe replied: "Sure"; and that he then cut along such path.

Those specific details of Lataille's testimony in explanation and justification of his conduct are uncontradicted. While plaintiff Oliver Coulombe had previously testified in his examination in chief that he had not given anyone permission to cut on his land, he did not take the witness stand in rebuttal and deny any of the conversation to which Lataille had thereafter testified in detail. On the record, therefore, there was a conflict in general as to whether Coulombe had actually consented to Lataille's conduct in cutting where he did, but as to the specific details concerning such consent the evidence for defendant was practically undenied.

It was incumbent upon plaintiffs to prove by a fair preponderance of the evidence that Lataille without their consent had entered upon their land and done the acts complained of. The trial justice, however, does not appear to have decided the case for defendants on the weight of such evidence but rather on the ground that since they did not actually cut and carry away any of plaintiffs' trees they could not be held liable even though defendant Armand Bois may have been negligent in pointing out the boundary.

While we are of the opinion that his decision should not be reversed, we do not think that the reason which he gave therefor is precisely correct in the circumstances here. As we view the record, plaintiffs have clearly failed to prove

by a fair preponderance of the evidence that Lataille went upon their land without the permission of either of them. Since this was the controlling issue in the case, plaintiffs' failure to discharge the burden of proving such fact was fatal to their claim.

For this reason, and not for the one stated by him, the trial justice did not err in deciding for defendants and plaintiffs' exception to the decision is overruled. In view of this conclusion, the other exceptions to the admission of evidence bearing on damages become immaterial and need not be considered.

All of the plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Thomas J. Kane,* for plaintiffs.
*Kennedy & Greene,* for defendants.