[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff appeals from the denial by the Tiverton Zoning Board of Review of his application for a regulatory variance. Before the Court are the certified record and memoranda of counsel. There is no transcript, but the minutes of hearing held June 19, 1991 provide all that is necessary here for meaningful review.
Plaintiff, owner of a four acre lot on which his dwelling house is situated, erected a pole barn toward the rear of the lot some eight feet from the sideline. The zoning code permits a barn as an accessory use here, but it also provides that such structure may not be placed closer than the minimum side yard requirements of this district. Code Article III § 8. Whether that distance is twenty or thirty feet here is irrelevant. During construction, the building inspector told plaintiff that a building permit was necessary and that the barn was too close to the line. Notwithstanding, plaintiff completed the construction, and without a permit. He then applied for a regulatory variance and the only reason he advanced in support of his application was "aesthetically it just wouldn't be right." The questions of the board support the complaint made in plaintiff's memorandum, that they were miffed at the thought of the building having been completed, after notice of the necessity of a permit. He argues that while understandably the board was annoyed, it was not excused from exercising its duty to determine the petition on the merits.
Defendants argue that the decision is correct because plaintiff utterly failed to demonstrate an adverse impact amounting to more than a mere inconvenience. Felicio v. Fleury,557 A.2d 480 (R.I. 1989). His burden was to establish that denial would deprive him of "full enjoyment of the permitted use" amounting to more than a mere inconvenience. Westminster Corp.v. Zoning Board of Providence, 103 R.I. 381 at 389.
It is clear to the Court that the board correctly decided the case, but for the wrong reasons. That being so, on review here the Court adopts the principle set forth in Coulombe v. Bois,80 R.I. 465, where at page 467 the Court said:
 "While we are of the opinion that his decision should not be reversed, we do not think that the reason which he gave therefor is precisely correct in the circumstances here. As we view the record, plaintiffs have clearly failed to prove by a fair preponderance of the evidence that Lataille went upon their land without the permission of either of them. Since this was the controlling issue in the case, plaintiffs' failure to discharge the burden of proving such fact was fatal to their claim.
 For this reason, and not for the one stated by him, the trial justice did not err in deciding for defendants and plaintiffs' exception to the decision is overruled."
Plaintiff's appeal should be and it hereby is denied and dismissed. The clerk will forthwith enter judgment for defendants for costs.