**Stephen B. JOHNSON et al.**

v.

**Frank G. ELDREDGE, Jr., et al.**

**No. 80–531–Appeal.**

Supreme Court of Rhode Island.

June 19, 1981.

Reargument Denied July 2, 1981.

---

F. Monroe Allen, Providence, for plaintiffs.

Almonte, Lisa & Pisano, Carl B. Lisa, Providence, William A. Poore, Town Sol., Smithfield, for defendants.

## OPINION

SHEA, Justice.

In this case the plaintiff appellants are Stephen B. Johnson and his wife Joan Johnson (the Johnsons). The defendant appellees are the members of the Town Council of the Town of Smithfield, the building inspector of that town, and Downing Associates, Inc., a Rhode Island corporation (Downing).

This is an appeal from an order of the Superior Court denying and dismissing a complaint seeking to invalidate the action of the town council of Smithfield in adopting an amendment to its zoning ordinance. The amendment changed the zoning classification of certain property from residential, R–30 to a planned residential district, which will permit condominium construction. It is Downing's plan to construct multifamily dwellings on the property.

The case was presented to a justice of the Superior Court sitting without a jury upon an agreed statement of facts. Essentially those facts are as follows: Downing owns two parcels of vacant land which are Assessor's Plat 42 Lot 110, and Assessor's Plat 24 Lot 19. These parcels of land had been zoned residential R–30. The land is adjacent to and abuts land owned by the Johnsons.

Downing filed a petition with the town of Smithfield requesting an amendment to the zoning map and zoning ordinances. A public hearing was held on February 11, 1980, after proper public notice, at which meeting evidence was presented in support of the petition. The Johnsons were present with other abutting owners and voiced their objections to the change. On March 10, 1980 the town council met at a regular session and rendered a unanimous decision denying Downing's petition. On May 7, 1980 at a neighborhood gathering a discussion took place concerning the planned residential development and residential plats. In attendance at that meeting was Anthony B. Simeone, one of the defendant town councilmen, and employees of Downing. On July 22, 1980, a resolution was passed by the Smithfield Town Council granting Downing's petition, and reversing the earlier denial. Immediately after that motion passed, one of the council members who had voted with the majority in granting the Downing petition moved for reconsideration. That motion passed and subsequently on August 12, 1980, the town council reconsidered the Downing petition and once again approved it.

The Johnsons were present at both the gathering on May 7 and the July 22 council meeting, even though no public notice was given of either event.

In his decision the trial justice found that on July 22, when one of the councilmen made his motion to approve the zoning change, he was in reality making a motion to reconsider the March 10 denial. The earlier vote had been unanimous, and therefore, the moving councilman on July 22 was one who had voted with the majority. The trial justice further held that there was no requirement that the July 22 and August 12 meetings be advertised and publicly noticed because they were not public hearings on the petition for amendment to the zoning ordinances. The only public hearing at

which evidence was taken occurred on February 11, and there has been no question raised regarding the validity of that meeting.

The Johnsons argue that after once rendering a decision that denied the petition for the zoning amendment, the council could not, without further notice and advertising, reverse itself and amend the zoning ordinance. On the basis of the evidence in this record, we disagree and we affirm the judgment of the Superior Court.

There is no question that the original hearing on the petition and the later vote to deny the petition were conducted according to law.[1] The Johnsons reason that once the vote to deny the petition had been taken there was nothing remaining before the council on which it could act, and that to amend the act later, a new petition and notice and advertising as provided by law must occur. *Kitty v. City of Springfield*, 343 Mass. 321, 178 N.E.2d 580 (1961).

Section 12 of the Rules of Procedure adopted by the Town Council of the Town of Smithfield provides as follows:

"Motions to reconsider any matter previously resolved by vote shall be entertained only from a Council member who voted with the majority at the time of initial decision."

None of the parties here have questioned the validity of § 12 of the Rules of Procedure adopted by the Smithfield Town Council. 4 McQuillin, *Municipal Corporations* § 13.48 at 600 (3d ed. rev. 1969) states:

"If the law does not forbid, the legislative body may adopt its own rules or parliamentary practice as to the right and method of reconsideration. The reconsideration must be in accordance with the provisions of the charter and the rules of procedure, if any, governing the body."

Also,

"Courts uniformly sustain the right of town meetings to reconsider votes and actions taken. A town, not being subject to strict parliamentary rules, and being capable of acting freely within its legal orbit, may, it has been held, by vote reverse a vote taken at a former meeting without formal reconsideration." (Footnotes omitted.) *Id.*

Moreover,

"Unless restrained by charter or statute applicable, the legislative body of a municipal corporation like all deliberative bodies, possesses the undoubted right to

1. General Laws 1956 (1980 Reenactment) § 45–24–4.1 states:

"Specific ordinances.—No such ordinance making a specific change in the zoning map shall be enacted, amended or repealed until after a public hearing, at which, opportunity shall be given all persons interested to be heard, has been held upon the question of the enactment, amendment or repeal of such ordinance, before the city or town council, or a committee or commission authorized by such city or town council to investigate and make recommendations concerning such proposed ordinance, as the case may be, who shall first give written notice of the time and place of such public hearing, and the nature and purpose thereof, to all owners of any real property within two hundred (200) feet of the perimeter of the real property which is the subject matter of the proposed amendment, enactment or repeal, by registered or certified mail at least seven (7) days before the date of said hearing and by publication of such notice in a newspaper of general circulation within such city or town at least once each week for three (3) successive weeks prior to the date of such hearing. Provided,

however, notwithstanding the provisions of § 45–24–2 the town or city council may in approving a zone change limit such change to one (1) of the permitted uses in the zone to which the subject land is rezoned, and impose such limitations and conditions upon the use of the land as it deems necessary. The responsible town or city official shall cause the limitations and conditions so imposed to be clearly noted on the zoning map. If the permitted use for which the land· has been rezoned is abandoned or if the land not used for that purpose for a period of two (2) years or more, the town or city council may after a public hearing as hereinbefore set forth, change the land to its original zoning use before such petition was filed.

"Such newspaper notice containing a statement of the proposed amendments to the ordinance shall be inserted once in its entirety and thereafter a weekly formal legal notice shall be inserted stating that a public hearing will be held specifying the time and place of such hearing. Said subsequent formal notices shall include reference to said original advertisement which gave full description."

vote and reconsider its vote upon measures before it, at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until by final vote or act, accepted as such by the body, a conclusion is reached." *Id.* at 599.

Since the council members moving for reconsideration of the petition were individuals who had previously voted with the majority, as provided in § 12, the reconsideration was validly before the council and their vote on it cannot be questioned.

We agree with the finding of the trial justice that notice and advertising for the July 22 and August 12 council meetings were not required. Our review of the record convinces us that the neighborhood meeting of May 10 attended by councilman Simeone and the Johnsons is without significance. We conclude that G.L. 1956 (1980 Reenactment) § 45–24–4.1 had been fully complied with on February 11, when the evidence in favor of, and in opposition to, the zoning change was heard. No additional evidence concerning the amendment was ever received by the council. Hence, the council's subsequent actions were proper, based on their own rules of procedure.[2]

Relying on the foregoing, the appeal is denied and dismissed, the judgment below is affirmed, and the papers are remanded to the Superior Court.

---

**2.** The fact that a motion to reconsider was not made at the March 10 meeting in which the petition was denied is not crucial since § 12 of the Rules of Procedure for Smithfield does not place a time restriction on the making of such motions.