[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the appeal of Dick Cranston Ford Sales, Inc. ("Plaintiff") pursuant to the Administrative Procedures Act, Rhode Island General Laws 1956 (1988 Reenactment) § 42-35-15.
Plaintiff appeals a final decision of defendant Rhode Island Motor Vehicle Dealers' License Commission ("the Commission") defeating Plaintiff's protest to the issuance of a new car dealer's license to defendant Paul Bailey's Wakefield Ford, Ltd. ("Bailey's").
FACTS/TRAVEL
The following facts are not disputed.
Prior to 1965 the Wakefield area comprised a "single point" market for new Ford automobiles, that is, there was only one Ford dealer in that geographic area.
From 1965 until 1980, the Wakefield market area for Ford sales was assigned to Plaintiff, whose dealership was in East Greenwich, thereby creating a single point market comprising the East Greenwich, North Kingstown and Wakefield area.
That enlarged single point market was merged, in 1967, into the Providence urban "multiple point" market, which included several single point market areas.
In 1980 a Ford market analysis determined that Ford should once again have a new car dealership in the Wakefield area. Subsequent to that finding, Ford recreated the Wakefield single point market, separating it from the Providence market and from Plaintiff's market area.
In July, 1986, pursuant to Rhode Island General Laws 1956 (1982 Reenactment) § 31-5.1-4.2 (as amended by P.L. 1982, ch. 448, § 1), which regulates the establishment of new car dealerships, Ford notified the Commission and the nine Ford dealers in the Providence market area, including Plaintiff, that it intended to build a dealership on Tower Hill Road, Wakefield. Upon receipt of the notice, Plaintiff filed a timely protest with the Commission, thereby necessitating a public hearing pursuant to § 31-5.1-4.2, to determine if good cause existed "for not permitting such new motor vehicle dealership."
In November, 1987, Plaintiff asked the Commission to subpoena documents from Bailey's and Ford Motor Company (Ford) which Plaintiff alleged were needed to prepare for the hearing.
In May, 1988, plaintiff obtained a Superior Court temporary restraining order, directing the Commission to comply with Plaintiff's request and enjoining further proceedings.
The following month, the Commission issued a subpoena to Bailey's and Ford. Thereafter certain documents were delivered to Plaintiff. Certain other documents, those which Ford alleged were privileged, were not delivered, triggering Plaintiff's request that the Commission enforce the subpoena for the omitted documents. The Commission refused.
In May, 1989, Plaintiff filed a motion to compel in Superior Court, urging the court to find the Commission in contempt if it did not enforce the subpoena for the allegedly privileged documents.
On June 9, 1989, the court issued an order denying the motion and lifting the restraining order.
Plaintiff filed an appeal of that decision to the Supreme Court on June 21, 1989.
The hearings before the Commission were held on July 11 and July 21, 1989, and plaintiff did not raise the issue of lack of opportunity for full discovery in that forum.
On October 24, 1990, the Supreme Court dismissed Plaintiff's appeal, noting that the issue was moot since the hearings had been held, and further noting that plaintiff's attorney had told the court he would be voluntarily dismissing the appeal, but had never done so.
At the Commission hearing of July 11, 1989, a motion was made and seconded to "give to Paul Bailey an automobile license to conduct a business in Wakefield." (Tr. at 270). The vote was a 4-4 tie, and the Commission chairman announced, "Mr. Bailey is denied." (Tr. at 274).
After discussing the wording of the motion in light of the statutory language regarding the establishment of good cause "for not permitting" the dealership, the Commission decided to seek an opinion from the Department of Attorney General, which also acted as Commission counsel, as to which party bears the burden of proof.
On July 21, 1989, the hearing was reconvened and a letter from the Department of Attorney General was read into the record, expressing the opinion that the party who files the protest bears the burden of proving the existence of good cause to deny the dealership license. A motion was then made and seconded to defeat Plaintiff's protest. That motion passed on a 5-3 vote. The chairman, who previously voted against granting the license, this time voted to defeat the protest.
On May 23, 1990, the Commission issued its final decision defeating Plaintiff's protest.
On June 18, 1990, Plaintiff filed a timely appeal to this court.
Plaintiff does not challenge any findings of fact; rather, it alleges that errors in law and procedure prejudiced its rights because: a) it was not given an opportunity for full discovery; b) the interpretation of law regarding burden of proof was wrong; c) the reconsideration of a vote was improper; d) the chairman's vote change was not based on admissible evidence; and e) a second meeting was held in violation of the Open Meetings Law.
DISCUSSION
The Administrative Procedures Act, § 42-35-15, provides for review of the Commission's decisions by this court:
 (f) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Essentially, when reviewing an agency decision, the court must not substitute its judgment for that of the agency in regard to the credibility of the witnesses or weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307 (R.I. 1988). The court must uphold the decision if it finds any competent evidence upon which the decision rests. E. Grossman and Sons, Inc. v. Rocha,118 R.I. 276, 373 A.2d 496 (1977). The court may vacate the decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record.
Questions of law, however, are not binding upon a reviewing court and may be reviewed to determine what the law is and its applicability to the facts. Carmody v. Rhode Island Conflict ofInterest Commission, 509 A.2d 453, 458 (R.I. 1986). If, in view of all the evidence on the record, the decision is arbitrary or capricious, or made pursuant to improper procedure, the court may reverse if it finds that substantial rights of the appellant have been prejudiced.
Plaintiff alleges it was denied an opportunity for sufficient discovery.
Defendants urge the court to bar this argument by employing the doctrine of collateral estoppel.
In E.W. Audet and Sons v. Fireman's Fund Insurance Co.,635 A.2d 1181, a January 14, 1994 decision, the state Supreme Court explained how collateral estoppel may be used:
 The doctrine of collateral estoppel makes conclusive in a later action on a different claim the determination of issues that were actually litigated in a prior action. . . . As we have stated, the requirements are (1) that there be an identity of issues, (2) that the prior proceeding resulted in a final judgment on the merits, and (3) that the party against whom collateral estoppel is asserted be the same privity with a party in the prior proceeding.
In the present case, the court is being asked to decide whether Plaintiff's right to full discovery was compromised by the Commission's refusal to enforce a subpoena for documents deemed privileged by defendant Ford. This is the same issue the court was being asked to decide when it ruled on Plaintiff's motion to compel. The requirement of issue identity is thus met.
The parties here are the same parties involved in the earlier action, so requirement number three is met.
The requirement of a final judgment must be examined further. The Superior Court Rules of Civil Procedure, Rule 54, includes in its definition of "judgment," "any order from which an appeal lies." Nevertheless, the Restatement (Second) Judgments warns:
 It has often been suggested that finality for appellate review is the same as finality for purposes of res judicata (or collateral estoppel), but that has probably never been quite true. . . . The fact that a trial court order may be reviewable by interlocutory appeal . . . does not necessarily mean that the matter resolved in the order should be treated as final for purposes of res judicata. A general working description of finality in the field of former adjudication, however, will resemble the older, traditional, strict formulation of the concept of finality for appellate review. Thus when res judicata is in question a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court. Restatement (Second) Judgments, Ch. 3, § 13(b). (Emphasis added.)
In the present case, the Superior Court order denying Plaintiff's motion to adjudge the Commission in contempt and lifting the restraining order on the hearing was issued after a hearing on the issues. The order was not tentative, provisional or contingent, and represents the completion of all steps in the adjudication of the action by the court. Plaintiff filed an appeal with the Supreme Court; not an interlocutory appeal, but an appeal of the court's order.
The requisite finality is present. Collateral estoppel may bar plaintiff from raising the issue in this proceeding. Plaintiff has had ample opportunity to litigate the issue and cannot claim a violation of due process on that basis.
Plaintiff also alleges that his rights were prejudiced because of an erroneous interpretation of law which led to an improper reconsideration of a vote.
The vote at the July 11 meeting, on a motion to grant Bailey's a license, was tied, 4-4, so the motion did not carry. Thereafter, the Commission discussed the propriety of the motion in light of the wording of the statute which stated that the purpose of the hearing was to determine if good cause existed not to permit the dealership. After advice from Commission's counsel, the chairman ruled the motion improper. The Commission decided to seek an opinion from its legal counsel, the Department of Attorney General, relevant to the burden of proof on the issue of good cause, and to hold another hearing after receiving the opinion. At that second hearing, a letter from the Attorney General was read into the record, expressing the opinion that the party protesting the granting of the license bears the burden of showing good cause to deny the license.
The court is mindful that the "deference due to an agency interpretation of its governing statute and regulations is far from blind allegiance." Citizens Savings Bank v. Bell,605 F. Supp. 1033, 1042 (1985). Certainly, if the plain language of the statute indicated a contrary view, the court would not hesitate to disregard the Attorney General's advice. See MeehanArmored, Inc. v. James E. O'Neil, PC 88-4549, Superior Court (1992).
Plaintiff argues that the burden of proof is on the applicant for the license and cites § 31-5.1-4.2(d), an amendment assigning the burden to the applicant, as proof of legislative intent. At the time of the hearing, however, subsection (d) did not exist and the statute was silent on the issue. In a recent Superior Court case, Justice Israel noted that, minus the amendment, the statute seems to require the protector to bear the burden of proving good cause to deny the license. See Ocean StateNissan, Inc., et al. v. Rhode Island Dept. of Transportation, etal., C.A. No. 92-5022 (1994). In view of the silence on the issue and the opinion of the Commission's counsel, the court will adhere to the "well-recognized doctrine of administrative law that deference will be accorded to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency . . . even when the agency's interpretation is not the only permissible interpretation that could be applied." Pawtucket Power Associates v. City ofPawtucket, 622 A.2d 452, 456 (R.I. 1993), citing Young v.Community Nutrition Institute, 476 U.S. 974 (1986).
In light of that interpretation, the commission was within its rights to reconsider its original vote, since the motion was not worded to reflect Plaintiff's burden of proving that good cause existed for not granting the license. "An administrative body acting in a quasi-judicial capacity has the right to reconsider its decision if error has been caused by fraud, surprise, mistake or inadvertence." Redding v. Board of CountyCommissioners for Prince George's County, 263 Md. 94, ___,282 A.2d 136, 146 (1971), cert. den. 406 U.S. 923 (1972). Since the permissible opinion of the Attorney General implied that the Commission had made a mistake in the wording of the original motion, the reconsideration was valid.
Plaintiff argues that §§ 42-35-15 and 31-5.1-4.2 provide the only means for overturning a Commission action. Those sections, however, address review of final orders, and in no way preclude the Commission's reconsideration of a vote. A New Jersey case has held that administrative agencies have the inherent power to reconsider prior decisions and that, absent legislative restrictions, fairness and reason rule. Matter of Hotel andRestaurant Employees, 203 N.J. Super. 297, ___, 496 A.2d 1111, 1134 (1985), cert. den., 102 N.J. 352, 508 A.2d 223, cert.den., Gerace v. New Jersey Casino Control Commission, 475 U.S. 1085
(19__).
No formal motion to reconsider was necessary, since the state Supreme Court has recognized that a new motion is in effect a motion to reconsider. Johnson v. Eldredge, 430 A.2d 1069, 1070 (1981).
Plaintiff also argues that the second meeting violated the Open Meetings Law because the Commission failed to post a notice, pursuant to Rhode Island General Laws 1956 (1988 Reenactment) §42-46-6. However, the state Supreme Court has held that, where a town council moved to reconsider a vote, and where no further evidence was to be heard at the second hearing, no advertising or notice was necessary. Johnson, 430 A.2d at 1071. However, even if the Commission had violated the provision, § 42-46-8(d) provides that a court may reverse a decision made by a body in violation. It is left to the court's discretion. Since Plaintiff received actual notice and was present at and participated in the hearing, it waived any claim to a violation of due process rights. Where actual notice sufficient to satisfy due process rights has been given, this court has refused to overturn a decision for technical non-compliance. See state v.Desrosiers, 559 A.2d 641 (1989).
Plaintiff next alleges the decision is arbitrary because it is based on matters extrinsic to the record. Plaintiff argues that the chairman changed his vote at the July 21 hearing due to his personal knowledge of the applicant, Paul Bailey, and that his was the decisive vote.
Prior to the second vote, the chairman said, "Last week when I spoke, I spoke that Ford deserves the right to have representation in that area. I don't think it's being covered properly. And I also said that I didn't think it was right to sandwich (Plaintiff) with Bailey on both sides. I've been thinking about it, and Bailey has been an honorable competitor. I know, I've been competing against them for years. We don't know who Ford would put in if Bailey didn't get in, so consequently, I'm going to have to vote to defeat the protest." (Tr.#2 at 5-6).
To argue that the chairman's vote was solely the result of extrinsic matters is unrealistic, especially in light of the very specific and numerous findings of fact on the four issues enumerated in § 31-5.1-4.2. The new motion, to defeat Plaintiff's protest, was made by the chairman after hearing the Attorney General's opinion on the burden of proof. Evidence existed on the record that Bailey's was a solid dealership. The chairman's statements also indicate that his earlier vote had been based on a personal opinion that it wouldn't be fair to place Plaintiff between two Bailey dealerships, an opinion he reconsidered and found unreasoned. He also indicated that the evidence led him to believe there should be a Ford dealership in the Wakefield area.
After a review of the record and consideration of arguments advanced by counsel for both Plaintiff and Bailey's, the court finds sufficient evidence to support the Commission's findings of fact and decision. The court also finds: a) Plaintiff's due process rights were not violated regarding an opportunity for full discovery; b) the Commission's interpretation of law regarding burden of proof was permissible; c) the reconsideration of the vote was proper; d) Plaintiff's rights were not prejudiced due to alleged Open Meetings Law violation; and e) the chairman's vote, and hence the decision, were not based on inadmissible evidence.
Since the facts are not disputed and the court finds no prejudicial errors of law or procedure or abuses of discretion, the decision of the Commission is affirmed.