DECISION
This matter comes before the Court on appeal from a decision of the Town of Johnston Zoning Board of Review (the "Zoning Board"). The plaintiffs seek reversal of the Zoning Board's decision granting defendants Gloria Caruso ("Caruso") and All Star Excavating, Inc. ("All Star") (collectively "defendants") a dimensional variance from the requirements of Article III, Table III D-1 of the Town of Johnston Zoning Ordinance (the "Ordinance"). Jurisdiction of this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
 Facts/Travel
Caruso is the owner of two lots located at 25 Melody Lane, Johnston, Rhode Island (the "property"). The lots were merged under Article III, Section L(2) of the Ordinance. On or about October 7, 1997, All Star went before the Johnston Planning Board (the "Planning Board") and was granted a lot line change on behalf of Caruso. Caruso as owner and All Star as applicant, filed an application for a dimensional variance from frontage requirements to build a home which is a permitted use under the Ordinance. The application was heard before the Zoning Board on October 30, 1997. Caruso did not appear or testify at the hearing. Frank Gaglione, representative of All Star, testified as the builder of the proposed dwelling on the property. On October 30th, the Zoning Board unanimously denied the application. A written decision by the Zoning Board was never issued.
At a special meeting held on or about November 20, 1997, the Zoning Board passed a motion to reconsider defendants' application with a directive to notify the abutters of a future meeting. On or about December 18, 1997, a motion was made and seconded to postpone reconsideration of defendants' application until January allowing, once again, for notification to the abutters. On or about January 29, 1998, the Zoning Board reconsidered its previous vote and granted defendants' application by a 4-1 vote. No new evidence was introduced or presented to the Zoning Board. On or about March 5, 1998, the Zoning Board filed its written decision.
The plaintiffs are owners of abutting lots to the property located on Melody Lane and Bennett Drive in Johnston, Rhode Island. The plaintiffs appealed the March 5, 1998 decision.
 Standard of Review
This Court possesses appellate review jurisdiction of the Zoning Board's decision pursuant to § 45-24-69, that states in pertinent part as follows:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights, of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." § 45-24-69 (D).
The essential function of the Zoning Board is to weigh the evidence presented at the hearing, and it has the discretion to either accept or reject any or all of the evidence. BellevueShopping Ctr. Assoc. v. Chase, 574 A.2d 760, 764 (R.I. 1990). This Court must examine and review the entire record to determine whether substantial evidence exists to support the findings of the Zoning Board. Salve Regina College v. Zoning Bd. of Review ofNewport, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v.Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. GeorgeSherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). Furthermore, this Court may not substitute its judgment for that of the Zoning Board if it can "conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou, 120 R.I. at 507, 388 A.2d at 825.
 Reconsideration and the Application for a Dimensional Variance
The plaintiffs argue that the Zoning Board's decision was in violation of state and local zoning laws as Caruso's lots were merged pursuant to Article III, Section L(2) of the Ordinance. The foregoing section does not provide for an exception to the merger provision and the Zoning Board had no power to obviate the application of the provision. The plaintiffs assert that the Zoning Board's decision violates G.L. 1956 (1991 Reenactment) § 45-24-41 (C) and (D) and Article III, Section O (2) and (3) of the Ordinance as the decision fails to contain written findings of fact itemizing that the conditions necessary for the issuance of a dimensional variance were satisfied. Specifically, plaintiffs contend that Caruso failed to establish that the existence of her hardship was due to the unique characteristics of the property and not the general characteristics of the surrounding area. Additionally, plaintiffs maintain that the Zoning Board relied upon information obtained outside of the public hearing in motioning to reconsider its vote at the November 20, 1997 hearing.
In response, defendants argue that they followed proper procedures to divide the merged lots by applying to the Planning Board for a sub-division. The defendants assert that the relief they sought was not a true variance but a deviation from frontage requirements. Additionally, defendants contend that they demonstrated the denial of the deviation would amount to more than a mere convenience.
Initially, this Court finds that plaintiffs' argument regarding merger is moot as the Planning Board granted defendants a lot line change on October 30, 1997. As such, the merger provisions of Article III, Section L(2) of the Ordinance are not relevant to review of this matter.
In reconsidering a vote, the Zoning Board "possesses the undoubted right to vote and reconsider its vote upon measures before it, at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until by final vote or act, accepted as such by the body, a conclusion is reached."Johnson v. Eldredge, 430 A.2d 1069, 1071 (R.I. 1981) (quoting 4 McQuillin, Municipal Corporations § 13.48 at 600 (3d ed. rev. 1969)). "If the law does not forbid, the legislative body may adopt its own rules or parliamentary practice as to the right and method of reconsideration." Id. However, reconsideration by the Zoning Board should be in accordance with its own Ordinance and rules of procedure. Id.
As the Rhode Island General Laws and the Ordinance do not specifically address the issue involving reconsideration of a vote by the Zoning Board, at issue is whether the Zoning Board's vote on October 30, 1997 constituted a final decision. Pursuant to § 45-24-61 (A) and Article VI, Section H (1) of the Ordinance, the Zoning Board must render a decision within a reasonable period of time after a public hearing upon an application. The decision shall be recorded and filed within thirty working days from the date when the decision was rendered.Id. Although the Zoning Board unanimously denied defendants' application at the October 30, 1997 public hearing, a written decision by the Zoning Board was never issued. Reconsideration of defendants' application occurred within thirty days of the October 30, 1997 hearing. Furthermore, there is no record evidence that the Zoning Board failed to comply with the notice provisions of the Ordinance so that all interested parties in this matter could attend the reconsideration hearing. See Article III, Section R (2) of the Ordinance. As such, the Zoning Board possessed authority to reconsider its vote on defendants' application.
A dimensional variance is the "[p]ermission to depart from the dimensional requirements of a zoning ordinance, where the applicant for the requested relief has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations." G.L. 1956 (1991 Reenactment) § 45-24-31
(61)(b). The conditions for granting a variance can be found in Article III, Section O (2) of the Ordinance, which states as follows:
 "In granting a variance, the Zoning Board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 1. That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to physical or economic disability of the applicant;
 2. That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the Ordinance or the Comprehensive Plan upon which this Ordinance is based; and
 4. That the relief to be granted is the least relief necessary."
Additionally, Article III, Section O (3)(b) of the Ordinance requires the satisfaction of the following additional restriction prior to granting a dimensional variance:
 "The Zoning Board shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that: . . . .
 (b) In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
The language set forth in Sections O (2) and (3)(b) of the Ordinance mirrors the language contained in § 45-24-41 (C) and (D).
In reconsidering its vote on defendants' application, the Zoning Board had before it sufficient evidence to support its decision to grant defendants a dimensional variance in conformity with the provisions of Article III, Section O (2) and (3)(b) of the Ordinance. The record indicates that the subdivision of the property approved by the Planning Board created an undersized lot such that the hardship resulted from the unique characteristics of the property and not the general characteristics of the surrounding area. Although Mr. J. Clifton O'Reilly testified on behalf of plaintiffs as to the crowded condition on one end of the lot, the Zoning Board also heard testimony that the surrounding area contained lots of approximately the same size or smaller.
In obtaining a deviation, Caruso need only demonstrate "an adverse impact amounting to more than a mere inconvenience."Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989) (citations omitted). Without the requested dimensional relief, Caruso would be unable to use the property for its permitted use of building a residential dwelling. Id. ("the fact that land located within a residential zone could not be used for a dwelling if setback requirements were enforced has been held to satisfy more than a mere inconvenience standard") (citing Gara Realty, Inc. v. ZoningBd. of Review of S. Kingstown, 523 A.2d 855, 858 (R.I. 1987)).
This Court will not substitute its own judgment for that of the Zoning Board. § 45-24-69 (D). The record contains substantial evidence that a reasonable mind would accept as adequate to support the decision of the Zoning Board. Apostolou, 120 R.I. at 507, 388 A.2d at 825. The evidence in this matter indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." § 45-24-69 (D)(5) and (6).
After a review of the entire record, this Court finds that the Zoning Board had competent evidence before them to grant defendants' dimensional variance, and the substantial rights of plaintiffs have not been prejudiced. Accordingly, the decision of the Zoning Board is hereby affirmed.
Counsel shall submit an appropriate order for entry.