**Manuel FELICIO**

v.

**Leo FLEURY et al.**

**No. 88–41–M.P.**

Supreme Court of Rhode Island.

April 28, 1989.

Scott K. Keefer, Woonsocket, for plaintiff.

Thomas E. Hefner, Fogarty & Hefner, Woonsocket, William G. Savastano, North Smithfield, for defendants.

OPINION

MURRAY, Justice.

Manuel Felicio seeks to build a single-family residence on a parcel of land which he owns. Felicio applied to the Zoning Board of Review of the Town of North Smithfield for a variance. The board denied his application. Felicio appealed to the Superior Court. The Superior Court affirmed the zoning board's decision. To obtain appellate review of the Superior Court judgment, the plaintiff petitioned for and was granted a writ of certiorari. We quash the judgment of the Superior Court as we believe the zoning board decision was affected by error of law.

The facts are as follows. In 1969, plaintiff's father acquired two lots on Cherry Brook Avenue, Nos. 281 and 27 of assessor's plat No. 6 in North Smithfield, Rhode Island. The two lots were adjacent and in continuous frontage along Cherry Brook Avenue. In 1973, the town of North Smithfield enacted its present zoning ordinance. Under the ordinance, the two lots are in zone RA–65. "RA" is the acronym for rural-agricultural, and in such a zone there are two permitted uses for land: residential and agricultural use. In order to construct a single-family dwelling, the zoning ordinance requires lots to have a minimum of 65,000 square feet of area and 200 feet frontage. In 1984, plaintiff purchased lot No. 281 from his father. This lot consists of 21,400 square feet of area, and has 102.82 feet frontage. Lot No. 281 is the one for which a variance is sought. The plaintiff did not purchase lot No. 27. Lot No. 27 contains 29,234 square feet of land with 128.29 feet of frontage.

The zoning board of review held a hearing on plaintiff's application. At the hearing plaintiff testified that he was aware of the zoning restrictions when he purchased the property, but nonetheless wished to build a single-family house. He proposed to have the house connected to existing sewerage and water systems. Felicio stated that there were two-family and mostly single-family residences in the neighborhood where his lot was located. The plaintiff presented the testimony of Richard Fontaine, a local real estate broker who had lived in North Smithfield for twenty-two years. Fontaine testified that the construction of a single-family residence would be the best use for Felicio's parcel. Also testifying for plaintiff was Albert Florentz, a land surveyor. Florentz testified that Felicio's was the third largest lot out of twelve lots on Cherry Brook Avenue, that the lot already had a well, and that there should be no flooding problems created by a nearby brook. Also at the zoning board hearing were remonstrants or objectors who opposed the board's grant of a variance. The remonstrants testified that they were concerned that if Felicio was allowed to construct a house and connect it to the existing well, their water pressure might be reduced. However, plaintiff testified that he would install his own well if necessary. The zoning board denied Felicio's application and he appealed to the Superior Court. The Superior Court affirmed the zoning board decision.

The issue presented is whether the trial justice erred in affirming the zoning board's denial of the application for relief from minimum lot-size and frontage requirements. We are convinced that the trial justice did err.

The right of appeal of a zoning board decision is granted by G.L.1956 (1988 Reenactment) § 45–24–20. This statute provides that a decision of a zoning board may be reviewed by the Superior Court. Section 45–24–20(d) states in part:

"The Court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse * * * the decision if substantial rights of the appellant have been prejudiced because of * * * decisions which are: * * * (4) affected by * * * error of law * * *."

When this court reviews the action taken by the Superior Court on its review of a zoning board decision by certiorari, our concern is whether the trial justice acted within his or her authority under § 45–24–20. *Hardy v. Zoning Board of Review of Coventry,* 119 R.I. 533, 541, 382 A.2d 520, 525 (1977). In reviewing the

Superior Court justice's decision, we do not weigh the evidence but rather determine whether the evidence and inferences drawn from it support the judgment. *Id.*

When a landowner seeks special treatment under zoning ordinances for a parcel of land, this special treatment may be referred to as a variance. More specifically, there are different types of variances, including a "true" variance and a deviation. *Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,* 523 A.2d 855, 858 (R.I.1987). A "true" variance is when the relief sought is to use land for a use not permitted under the applicable zoning ordinance. *Id.; Westminster Corp. v. Zoning Board of Review of Providence,* 103 R.I. 381, 385, 238 A.2d 353, 356 (1968). For example, if a zoning board allowed a commercial enterprise to be constructed in an area that is zoned residential, permission to make commercial use of the land would be a true variance. A deviation, by contrast, is relief from restrictions governing a permitted use, such as setback restrictions. *DeStefano v. Zoning Board of Review of Warwick,* 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). For example, a zoning ordinance may require that a building be located on a parcel so as to be set-back a certain number of feet from the edge of that parcel. Relief from such a setback requirement would be a deviation. *See generally* 3 Anderson, *American Law of Zoning,* § 20.07 (3d ed.1986).

The plaintiff applied for permission to build a single-family residence upon his land. The lot is in zone RA–65, a zone in which the construction of a single-family home is a permitted use. Felicio seeks relief from compliance with minimum lot-size and frontage restrictions, as his lot is undersized in area and frontage. Felicio's lot is approximately 21,400 square feet, while the zoning ordinance requires a lot to contain 65,000 square feet to construct a single-family home. Felicio's lot has only 102.82 feet of frontage not the 200 feet *required by the* zoning ordinance. When a party seeks this type of relief under a zoning ordinance, he or she seeks a deviation. We now turn to a review of the standard required to entitle a party to a deviation.

The showing necessary to obtain a deviation is that the landowner need only demonstrate an adverse impact amounting to more than a mere inconvenience. *Gara Realty, Inc.,* 523 A.2d at 858; *DeStefano,* 122 R.I. at 246, 405 A.2d at 1170; *Viti v. Zoning Board of Review of Providence,* 92 R.I. 59, 65, 166 A.2d 211, 214 (1960). For example, the fact that land located within a residential zone could not be used for a dwelling if setback requirements were enforced has been held to satisfy the more than a mere inconvenience standard. *Gara Realty, Inc.,* 523 A.2d at 858. We now turn to an examination of whether plaintiff met this standard.

At the zoning board hearing, plaintiff testified that he wished to build a single-family home and have it connected to the existing sewerage and water systems. In response to the concern of remonstrants that the proposed house might adversely affect the water pressure of neighboring houses, Felicio stated he would dig his own well if it was necessary. The plaintiff presented Richard Fontaine, a local real estate broker. Fontaine stated the house Felicio proposed to build is compatible with the present neighborhood. He stated that sewerage and water is available in that area and is not a problem. Also testifying for plaintiff was Albert Florentz. Florentz, a land surveyor, stated that lot No. 281 was the third largest of twelve lots on Cherry Brook Avenue, and construction of a house on the lot would not create problems for neighboring properties. We believe that this testimony sets forth the intention and appropriateness of Felicio's constructing a single-family dwelling. This testimony presented by Felicio, Fontaine, and Florentz is a sufficient showing to entitle Felicio to a deviation. Under the zoning ordinance, plaintiff's lot is zoned "RA," and in such zone the only two permitted uses for land are agricultural and residential uses. It would be an adverse impact upon Felicio amounting to more than inconvenience to require him to use

the lot for agricultural purposes or not to make use of the land at all.

In the present case, it is our belief that the Superior Court justice misapplied the law as he did not properly apply the *Viti* doctrine. We note that whether the *Viti* doctrine applied to minimum lot-size requirements has been unclear. *Rozes v. Smith*, 120 R.I. 515, 519–20, 388 A.2d 816, 819 (1978); Chase, *Viti Revisited, or, Just What Is a Zoning "Deviation"?*, 22 Suffolk U.L. Rev. 315, 320 (1988). As the trial justice did not recognize that the zoning board decision was affected by error of law, he did not act within his authority under § 45–24–20. Accordingly we quash the Superior Court judgment and remand the case with instructions to grant the plaintiff's request for a variance.

The petition for certiorari is granted, and the judgment of the Superior Court is quashed. The records certified to this court are remanded to the Superior Court with our decision endorsed thereon and with instructions to grant the plaintiff's request for a variance.