[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal from a September 15, 1989 decision by the North Providence Zoning Board of Review (hereinafter "the Board"). Stella Neri (hereinafter "plaintiff") seeks reversal of the Board's decision denying her application for a variance. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
The plaintiff applied to the North Providence Zoning Board of Review for a variance, seeking relief from the square footage and setback requirements for a two-family dwelling. The property concerned is Lot 342 on Assessor's Plat 12 on Allen Avenue in North Providence. The land is zoned RG, general residence, which permits one and two-family dwellings under the Zoning Ordinance of the Town of North Providence.
A public hearing was held on August 17, 1989. The plaintiff testified that she wanted to erect a duplex so she could collect the rent. (Tr. 14). J. Clifden O'Reilly, a real estate expert, testified on behalf of the plaintiff. Mr. O'Reilly opined that granting this variance would not be contrary to the public interest, would have no effect on surrounding property and would be compatible with the surrounding single-family dwellings. (Tr. 17-18). Several neighbors of the plaintiff testified in opposition to the requested variance, mainly addressing their concerns with traffic and parking problems.
On September 15, 1989 the Board issued its written decision — denying the plaintiff's application on the grounds that such relief would increase traffic and congestion, parking problems, safety problems for emergency vehicles, would not be in character with the existing neighborhood, and would be contrary to the public interest. It is from this decision that the plaintiff has properly appealed to this Court.
The Superior Court review of a zoning board decision is controlled by Rhode Island General Laws 1956 (1988 Reenactment) §45-24-20(d), which provides in pertinent part:
 45-24-20. Appeals to Superior Court.
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
A review of zoning board decision by the Superior Court is limited. Thus this court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v.Genovesi, 388 A.2d 821, 825 (R.I. 1978). Substantial evidence is further defined as ". . . more than a scintilla but less than a preponderance . . ." and must be such that ". . . a reasonable mind might accept as adequate to support a conclusion." Id. at 824-5. This Court will neither substitute its opinion for that of the Board nor speculate upon the grounds and reasons for the Board's decision. Therefore, when the Board fails (1) to give reasons and the grounds upon which its decision is predicated and (2) to point out the evidence upon which the ultimate finds of facts are based, the case will be returned to the Board for classification. Bellevue Shopping Center Associates v. Chase, etal., 556 A.2d 45 (R.I. 1989); DiIorio v. Zoning Board of Review,105 R.I. 357, 252 A.2d 350 (1969); Hoff v. Board ofReview, 102 R.I. 275, 230 A.2d 420 (1967).
The issue before this Court is whether there is substantial evidence in the record to support the Board's denial of plaintiff's request for a variance. The plaintiff alleges there is no substantial evidence to uphold the Board's denial of the requested relief. Additionally, plaintiff argues that there is substantial evidence in the record indicating the relief requested should be granted. The plaintiff here seeks reversal of the Board's decision.
Rhode Island case law has clearly defined the types of relief a land owner may obtain from a zoning board. A variance provides a land owner relief from zoning requirements on a parcel of land. Different variances are recognized in this state, including a "true" variance and a deviation. Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989); Gara Realty, Inc. v. Zoning Board of Review,523 A.2d 855, 858 (R.I. 1987). A "true" variance affords relief from a non-permitted use on the land, such as requesting commercial use in a residential zone. Id; Westminster Corp. v. Zoning Boardof Review of Providence, 238 A.2d 353, 356 (R.I. 1968). In applying for a true variance, the applicant must show "unnecessary hardship", the harshest standard. A deviation offers to a land owner relief from restrictions controlling a permitted use, such as lot setback, lot area, and frontage restrictionsFelicio, 557 A.2d at 482. Where an applicant seeks a deviation, he "need only demonstrate an adverse impact amounting to more than a mere inconvenience." Id. at 482; Gara Realty, Inc., 523 A.2d at 858; DeStefano v. Zoning Board of Review of Warwick,405 A.2d 1167, 1170 (R.I. 1979); Viti v. Zoning Board of Review ofProvidence, 116 A.2d 211, 214 (R.I. 1960). A deviation is also known as a Viti variance. It has been recognized that if a dwelling could not be constructed on a piece of land in a residential zone if setback requirements were enforced, then the more than a mere inconvenience standard has been satisfied.Felicio, 557 A.2d at 482; Gara Realty, Inc., 523 A.2d at 858.
It is necessary to determine what form of variance the plaintiff is seeking. Although she has requested a variance, it is clear, since she seeks relief from lot area and frontage requirements, that the relief sought is a deviation. To obtain a deviation, the plaintiff must demonstrate that she would suffer "more than a mere inconvenience" because of the zoning requirements.
This Court's review of the Board's decision of September 15, 1989 reveals that an erroneous legal standard was applied by the Board. It is evident from the Board's findings of increased traffic, parking problems, difficult safety access for emergency vehicles, not in character with the neighborhood and contrary to public interest that the standard for a special exception was used. The relief sought here is not for a special exception because the North Providence Zoning Ordinance Art II Section 2.3 permits a two-family dwelling and does not explicitly provide for a special exception for that use. As a result, the plaintiff's request for relief should come under the form of a deviation and the standard that accompanies it.
It is now for this Court to determine if under the proper legal standard the Board would have still denied the plaintiff's request. As noted, the plaintiff in this case has technically sought a deviation. Therefore, this Court must review the record to find the requisite scintilla of evidence that the plaintiff has experienced "more than a mere inconvenience." The Rhode Island Supreme Court has defined "more than a mere inconvenience to mean that an applicant must show that the relief sought is reasonably necessary for the full enjoyment of his permitted use." DiDonato v. Zoning Board of Review for the Town ofJohnston, 242 A.2d 416 (R.I. 1968).
The Board had before it the testimony of Mr. O'Reilly, plaintiff's expert, who stated there would be no adverse effects on surrounding property and it would not be contrary to the public interest. (Tr. at 17-18). Even if the Board had accepted this testimony, this does not have any effect on whether the plaintiff is faced with more than a mere inconvenience. Since the plaintiff may also erect a single family home on the lot, the standard enunciated in DiDonato, which requires an applicant to show the relief is necessary for full enjoyment of a permitted use, is not met. Plaintiff presented no evidence on the record that even remotely relates to whether this relief is necessary for her full enjoyment of the lot. The Zoning Ordinance of theTown of North Providence, July 16, 1987 (Amended September 24, 1987), Article II Section 2 permits both single and two-family dwellings, as well as other uses. The relief sought for the two-family dwelling has not been shown to be needed to have full enjoyment of a permitted use, especially where the plaintiff is also permitted to construct a single family dwelling on the same lot.
In denying the plaintiff's request for relief, the Board has reached the proper result utilizing an incorrect legal standard. The proper standard should have been the "more than a mere inconvenience" test. Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20 empowers this Court to remand, reverse, or modify the Board's decision if "substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are. . . affected by other error of law." While it is true the Board in this case applied the incorrect standard, this Court is of the opinion that, based on the evidence on the record, this amounts to a harmless error since the record is devoid of any evidence to meet the lesser "more than a mere inconvenience" standard. Furthermore, the Board's use of an incorrect standard does not warrant a remand because the rights of the appellant have not been prejudiced and, given the evidence presented on the record, the same decision would result under the proper legal standard.
After a review of the entire record, this Court finds the Board's decision of September 15, 1989 denying the plaintiff's application to be supported by reliable, probative, and substantial evidence. The use of an incorrect legal standard by the Board has amounted to a harmless error and does not warrant a remand. For the reasons set out above, the decision of the North Providence Zoning Board of Review is hereby affirmed.