[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The plaintiff John N. Sabourin on September 25 or September 26, 1989 filed an application for an exception or "variation" before the Zoning Board of Review (hereinafter the Board) as to Lots 390 391 on assessor's plat 11 in the Town of Johnston. These lots are in a R-15 district which requires a minimum 15,000 square feet of land in order to build a single family house. His application and the evidence indicated that each lot measured 47.5 feet on Harding Avenue with a depth of 100 feet. The plaintiff has a one family house on Lot 390. Lot 391, an abutting lot, is vacant.
The plaintiff's application requested that he be permitted to reduce Lot 390 by 7.5 feet in width and add that quantity to Lot 391, then making Lot 391, a 55 x 100 foot lot. He then sought permission to erect a one family residence on the enlarged Lot 391.
The application as filed and the request made of the defendant Board (although the suit is against the chairman of the Zoning Board of Review only, all parties have treated the appeal as an appeal from the decision of the Board) was clearly a matter beyond its jurisdiction. Plaintiff was requesting that he be permitted to "subdivide" Lot 390 and thus was subject to Chapter 45-23 of the General Laws of Rhode Island (1988 Reenactment) which places that jurisdiction in a Planning Commission or Planning Board established for that purpose by the Town. The Zoning Board of Review has no jurisdiction to grant the request for a subdivision as made by the plaintiff. Although, inarticulately stated by the defendant Board, it is clear to this Court that the decision denying the application for lack of jurisdiction was correct.
Had the plaintiff requested a variance or variation as to Lot 391, as laid out, i.e. a 47.5 x 100 foot lot, then the Board would have had jurisdiction and the cases cited by the parties, such as Felicio v. Fleury, 557 A.2d 480 (R.I. 1989), Shelleyv. Zoning Board of Review of South Kingstown, 569 A.2d 1054
(R.I. 1990) McKendall v. Town of Barrington, 571 A.2d 565 (R.I. 1990) and R.J.E.P. Associates v. Hellewell, 560 A.2d 353 (R.I. 1989) would have relevance.
As to whether the Board should be "estopped" from denying the plaintiff's application, if it applied to Lot 391 only, because of prior grants to the owners of Lots 372 and 393, who it is alleged were granted variances on the same size lots, the record is devoid of any factual basis for such a finding even if the appeal from the denial of the application were properly before the Court.
For the above reasons, the Board's decision denying the application for lack of jurisdiction is approved and the appeal is denied and dismissed.