[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff applied to the Portsmouth Zoning Board of Review for a regulatory variance to permit replacing a dwelling house with a new one closer to the lot boundaries than the code permitted. Application for variance was granted and plaintiff here, an abutting owner, appealed the board's decision as violative of R.I.G.L. § 45-23-20 as amended. The appeal therefore is grounded on the subdivision statute and not on § 45-24-20, the zoning statute. The Court treats the appeal as having been properly claimed and addresses the issue under the correct statute.
There is no transcript before the Court. After reading the certified record, and the summary of the testimony before the board at the hearing of June 20, 1991, and examining the exhibits, the Court is satisfied that meaningful review can be had here. Plaintiff argues an earlier hearing, not concluded, establishes discrepancies between plans submitted at the earlier and later hearing, that the board was confused, that proper notice was not given and that applicants before the board did not sustain their burden of proof. Memoranda of counsel carry attachments, including affidavits, and an excerpt of testimony of the board secretary, Gary Milano, taken in a deposition after decision was filed.
Because a board member who had sat at the earlier hearing was not present on June 20, 1991, the board decided to hear the matter de novo. Plaintiff was at that hearing, and gave sworn testimony. His argument here re improper notice is grounded on a statute not in effect at the time of hearing. The record itself, as supported by affidavits, satisfies the Court there is no merit to that argument.
Addressing the merits, it was applicant's burden to satisfy the board that denial of their application would cause adverse impact amounting to more than a mere inconvenience. Felicio v.Fleury, 557 A.2d 480 (R.I. 1989). The record demonstrates that they solidly established their right to relief. Memoranda submitted by plaintiff, zoning board and the applicants, because they contain relevant materials, will remain with the papers in the case.
Plaintiff's appeal is denied and dismissed, and the decision appealed from is affirmed. The clerk will forthwith enter judgment for defendants for costs.