[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Cranston ("Board"). The plaintiffs here seek reversal of the Board's decision dated May 12, 1993 denying plaintiffs' application for a variance. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) § 45-24-20, as amended.
FACTS/TRAVEL
Plaintiffs Louis and Ann D'Abbraccio are owners of a parcel of land in the City of Cranston at 20 New Hampshire Street, designated as Lot No. 1881 on tax assessor's plat No. 8. The property in question is located in a B-1 zone that, according to the Cranston Zoning Ordinance, permits residential uses and requires single-family dwelling sites to have a minimum lot size of 6,000 square feet and minimum lot frontage of 60 feet. The subject lot measures 80 feet x 40 feet containing 3200 square feet and 40 feet of frontage.
On April 21, 1993 plaintiffs filed an application for permission to construct a single-family dwelling seeking relief from the square footage and frontage requirements. On May 12, 1993 the Board held an advertised hearing on plaintiffs' application.
J. Clifden O'Reilly, Jr., who was unanimously accepted by the Board as an expert witness in the field of real estate, testified on behalf of the plaintiff applicants. Mr. O'Reilly described the neighborhood as an "older, well-maintained, mix-and-match neighborhood" containing single-family, multi-family and commercial uses. Transcript at 12. Immediately adjacent on the west of plaintiffs' lot is a 40 x 80 foot lot with a single-family structure. Immediately adjacent on the other side of plaintiffs' lot is a lot double in size. Directly across from the subject lot is another 40 x 80 foot lot identified as Lot number 1866 with two electric meters indicating the use is a two-family structure. The subject lot is three lots in from the intersection of New Hampshire and Cranston Streets. Both sides of Cranston Street in the immediate vicinity are developed for commercial uses. Mr. Reilly further testified that the secondary side streets off Cranston Street originally were platted mostly as 40 x 80 foot or in some instances 20 x 80 foot lots.
Mr. Reilly then enumerated the permitted uses of a B-1 zone as follows: single-family structure; two-family structure; church; preprimary or secondary school; library or museum; raising of crops; parks and playgrounds; conservation area, wildlife area, a reforestation area, a wood lot, a watershed or a reservoir; and finally, a fire station. Mr. Reilly concluded that the physical constraints of the subject lot preclude all such uses except that of a single-family dwelling. To deny permission to build a single-family dwelling would constitute more than a mere inconvenience, Reilly opined.
In concluding his testimony, Mr. Reilly stated that the proposed house, a 24x30 foot ranch style structure, would be compatible with the surrounding uses, would not devalue any surrounding property, or be inimical to the public health, safety, morals and welfare.
Next, plaintiff Louis D'Abbraccio testified that the lot had been in his family for about sixty years. His wife's mother transferred the lot to his wife in 1978 and his name was added to the title four or five years prior to the hearing. Mr. D'Abbraccio further testified that at no time had his mother-in-law owned any other property abutting the subject lot.
Four persons testified in opposition to the application and several others simply placed their names on the record as objectors. Also, a letter from Councilwoman Diane Golini-Salema stating her objection was read into the record. None of these remonstrants testified as an expert witness. The basis of their objections was that the lot is smaller than many lots in the neighborhood and allowing the proposed use would devalue the surrounding property.
Following the hearing the Board unanimously denied the plaintiffs application and issued the following decision.
 In this case, the Board gave careful consideration to the evidence presented and the objectors present and, having in mind the character of the neighborhood; therefore finds that the application should be denied for the following reasons:
 1) that the granting of the application would substantially injure the appropriate use of the property. 2) That the granting of the application would not be in harmony with the character of the neighborhood or appropriate to the uses of the buildings in that district. 3) That there was not evidence of any undue hardship relative to the lot in question.
Plaintiffs filed a timely appeal to this Court.
THE STANDARD OF REVIEW
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court. — * * * The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The Rhode Island Supreme Court, in interpreting this statute, has stated that in reviewing a decision of a zoning board of review, the trial justice "must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence." Toohey v. Kilday, 415, A.2d 732, 735 (R.I. 1980); DeStefano v. Zoning Board of Review of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). Substantial evidence means "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance."Apostolou v. Genovesi, 120 R.I. 501, 388 A.2d 821, 824-25 (1978).
DEVIATIONS
Plaintiffs seek relief from minimum lot size and frontage restrictions in order to devote their property to an otherwise permitted use. In support of their appeal they submitted a memorandum citing several cases applying the standard for special exceptions. The Cranston Zoning Ordinance does not provide a special exception mechanism for relief from dimensional restrictions. Accordingly, the proper legal mechanism is a variance, of which there are two kinds: a deviation and a "true" variance. Our Supreme Court has expressed their distinction by stating a "true" variance "is when the relief sought is to use land for a use not permitted under the applicable ordinance," whereas a deviation "is relief from restrictions governing a permitted use, such as setback restrictions." Felicio v.Fleury, 557 A.2d 480, 482 (R.I. 1989)(citations omitted).
In Felicio, the applicant applied for permission to build a single-family residence on an undersized lot. In characterizing the relief sought as a deviation our Supreme Court stated:
 [Applicant] seeks relief from compliance with minimum lot size and frontage restrictions, as his lot is undersized in area and frontage. [Applicant's] lot is approximately 21,400 square feet, while the zoning ordinance requires a lot to contain 65,000 square feet to construct a single-family home. [Applicant's] lot has only 102.82 feet of frontage not the 200 feet required by the zoning ordinance. When a party seeks this type of relief under a zoning ordinance, he or she seeks a deviation.
Id. at 482.
This Court finds the instant matter to fall squarely within the ruling of Felicio. In Felicio the applicant had less than one third the required area and approximately one half the required frontage. In the case at bar the applicants have over one half the required area and two thirds the required frontage. Accordingly, the plaintiffs must satisfy the deviation standard.
"The showing necessary to obtain a deviation is that the landowner need only demonstrate an adverse impact amounting to more than a mere inconvenience. Id. (citing Gara Realty. Inc.v. Zoning Board of Review of South Kingston, 523 A.2d at 858;DeStefano v. Zoning Board of Review of Warwick, 122 R.I. at 246, 405 A.2d at 1170; Viti v. Zoning Board of Review ofProvidence, 91 R.I. 59, 65, 166 A.2d 211, 214 (1960). InFelicio, the Court applied this standard to the facts by stating: "Under the zoning ordinance, plaintiff's lot is zoned "RA," and in such zone the only two permitted uses for land are agricultural and residential uses. It would be an adverse impact upon Felicio amounting to more than inconvenience to require him to use the lot for agricultural purposes or not to make use of the land at all." Felicio, 557 A.2d 482-83.
Section 30-15 of the Cranston Zoning Ordinance contains the schedule of uses. This schedule lists nine permitted uses in a B-1 zone. Mr. Reilly addressed these uses and concluded that the physical dimensions of the lot precluded all such uses except a single-family dwelling and to deny the relief sought would amount to more than a mere inconvenience. The Board had before it ample evidence that it would be more than a mere inconvenience to require the D'Abbraccios to use the subject lot not at all or for any of the permitted non-residential uses available, such as raising crops or establishing a conservation area, park or playground.
After reviewing the entire record this Court finds the decision of the Board was affected by error of law and that substantial rights of the plaintiffs have been prejudiced thereby. The Board applied an undue hardship standard and not the "more than a mere inconvenience" standard as required underFelicio. The record reveals that plaintiffs have met their burden of showing that the denial of their request will result in an adverse impact amounting to more than a mere inconvenience as they would be allowed to use their lot for only the permitted non-residential uses available in a B-1 zone or not at all. The decision of the Board was clearly erroneous in view of the reliable, probative and substantial evidence. Accordingly, the May 12, 1993 decision of the Zoning Board of Review of the City of Cranston must be and is hereby reversed.
Counsel shall prepare the appropriate judgment for entry.