DECISION
Before the Court is the appeal of Rhode Island Depositors Economic Protection ("DEPCO") and Vincent Masi d/b/a Masi Construction ("Masi") (together "Plaintiffs") from the Zoning Board of Review for the City of Cranston's (the Board") denial of Plaintiff's application for a dimensional variance. Jurisdiction in this Court is pursuant to R.I.G.L. § 42-24-69.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25).
Facts/Travel
On March 2, 1994, Plaintiffs filed a zoning variance application with the Board. Plaintiffs requested relief from the front and rear yard setback requirements of the City of Cranston's Zoning Ordinance. The subject property is located at 14 Endicott Street, also known as Assessor's Plat 4/4, lots 1532 and 1533 (the "Property"). Presently the property is vacant and is zoned A6-residential.
The property contains an area of 6,088 sq. ft., more than adequate for an A6 zone. A minimum 25 foot front yard and 20 foot rear yard is required in an A6 zone. The peculiar trapezoidal shape of the property, however, makes the construction of the proposed raised ranch impossible without relief from the front and rear setback requirements. The instant application requests a five foot front yard variance and a seven foot rear yard variance.
On December 11, 1991, the Board issued a decision granting the exact same relief as applied for in the instant action with the restriction that pre-cast concrete curbing be installed by the Plaintiffs. Said prior approval expired for failure of the then applicant to commence construction within one year of the filing of the Board's decision.
Due to a lack of a quorum, the instant application was rescheduled to August 10, 1994. On that day, the entire case was heard and the matter was set down for a decision on September 7, 1994. Prior to the decision, it was determined that the Secretary of the Board failed to properly notify the abutters as required by law, and the matter was rescheduled for hearing before the Board on October 26, 1994.
At the October 26, 1994, Plaintiffs presented the testimony of Vincent Masi, contractor, Keith White, a certified real estate appraiser, and Edward Wenke, III, a professional engineer. Various abutters also testified in favor as well as against the construction of the proposed house.
The record demonstrates that the proposed raised ranch would be within the character of the homes in the single family residential neighborhood. Furthermore, unrefuted testimony demonstrates that the proposed home would not cause a diminution in value for area homes. Due to the unique shape of the property, the Plaintiffs testified that it would not be possible to construct a sellable house on the site, that there was no reasonable alternative to the proposal, and the hardship suffered would amount to more than a mere inconvenience. Mr. White also testified that conditions in the neighborhood had not changed since 1991 when the Board granted the same relief.
On October 26, 1994, the Board issued its decision denying plaintiff's application stating:
 In this case, the Board gave careful consideration to the evidence presented and the objectors present and, having in mind the character of the neighborhood therefore finds the application should be denied for the following reasons:
 1) That the granting of the application would substantially injure the appropriate use of the property.
 2) That the granting of the application would not be in harmony with the character of the neighborhood or appropriate to the uses of the buildings in that district.
 3) That there was not evidence of any undue hardship relative to the lot in question.
After reviewing the entire record, this Court finds the decision of the Board was affected by error of law and that substantial rights of the Plaintiffs have been prejudiced thereby. The Board's findings — there was no evidence of any undue hardship; the proposed raised ranch would not be in harmony with the neighborhood or appropriate to the district; and the deviation would substantially injure the appropriate use of the property — are clearly erroneous and not supported by the substantial evidence of record.
With respect to the requested relief, the Board applied an undue hardship standard and not the "more than a mere inconvenience" standard as required by Felicio v. Fleury,557 A.2d 480 (R.I. 1989). The Board incorrectly used the standard for a true variance, requested when the relief sought is to make use of the land in a manner not permitted under the zoning ordinance. In the instant case, Plaintiffs are simply requesting a deviation, a relief from the restrictions governing a permitted use. See Felicio at 482.
With respect to said dimensional relief, the record reveals that the Plaintiffs have met their burden of showing that the denial of their request will result in an adverse impact amounting to more than an inconvenience as Plaintiffs would not be able to construct a saleable home on the lot.
The Board's finding that the construction of the proposed raised ranch would "injure the appropriate use of the property" and "would not be in harmony with the character of the neighborhood" was also not supported by substantial evidence of record. The record is clear that the zoning ordinance allows for a single family home to be built on this lot. Finally, the record indicates that the homes around the lot in question contain similar styled homes, some on smaller lots than the lot in question, and smaller than required by the zoning ordinance.
After a review of the record, the Court finds that the decision of the Board was clearly erroneous in view of the reliable, probative and substantial evidence. Accordingly, the October 26, 1994 decision of the Board is hereby reversed.
Counsel shall prepare the appropriate judgment for entry.