DECISION
Before this Court is the appeal of Dante and Elizabeth Beatini together ("Beatini") from the Zoning Board of Review of the Town of Johnston's ("the Board") denial of Beatini's application for a dimensional variance. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1991 Reenactment) §45-24-69, as amended.
Facts/Travel
The record indicates that the Beatini's owned Assessor's Lot 100 or. Plat 61 in the Town of Johnston from July 2, 1953, to May 27, 1994. Said lot is recorded as lot 49 on a plat entitled "Plat of Windsor Park in Johnston, R.I. Scale 1"-80" Oct. 1941 Irving Rosenblatt C.E. Framingham, Mass." which plat is recorded in the office of the Town Clerk of the Town of Johnston on Plat Card 118. This Plat was recorded on October 16, 1941, at 11:30 a.m.
On or about February 22, 1994, Beatini entered into a Purchase and Sales Agreement with Rose Prococcini who thereafter agreed to sell said premises to Kevin and Paula Smith d/b/a K.F.S. Construction. On or about March 30, 1994, the Smiths filed an application with the Board to build a single-family residence on said lot. The application requested a variance to the minimum lot size, width, and side yards. The subject lot has been a recorded lot since 1941. Beatini owned the lot since 1953 and does not, nor has not, owned any contiguous lots to the subject lot.
Since 1953 the Town of Johnston has amended its zoning ordinance. Presently, the subject lot is zoned R-40, indicating a residential area with a 40,000 square-foot-minimum lot size. The minimum width is 140, minimum front depth is 40, minimum side-yard is 35, minimum rear-yard depth is 75 and the maximum building coverage is 15%. The subject lot contains 8,850 square feet with a 50-foot width. With the proposed residence, the subject lot would have a 40-foot front depth, 12 feet for either side-yard and 75 feet for the rear-yard. The proposed residence would cover 11.2% of the properly. Consequently, the subject property fails to meet the required front, side, width, and square footage requirements of the Johnston Zoning Ordinance.
The Board held a public meeting on April 28, 1994, on the Smiths' application. The only evidence against the application was presented by neighbors who questioned how the proposed residence would affect "rural" area, as well as potential drainage and well problems. No expert testimony was presented regarding any of the neighbors' concerns. Thereafter, the Board denied the application citing "the lot size and the location" as the Board's sole reason.
Beatini appeals the Board's finding arguing that the decision must be vacated based upon two errors of law: (1) the Board abused its discretion in denying the application, and (2) the Board violated the Smiths' constitutional rights by its improper application of the Zoning Ordinance.
Superior Court review of a Zoning Board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a Zoning Board, a justice of the Superior Court may not substitute his or her judgment for that of the Zoning Board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981).
In order to grant the dimensional variance requested, the applicant has the burden to establish and the Board must find that the Zoning Ordinance, as applied, creates more than a mere inconvenience for the applicant. The evidence presented must demonstrate that (1) the hardship is due to the unique characteristics of the subject lot, (2) the hardship is not the result of the landowner's actions and is not motivated by a desire to realize greater financial gain, (3) the granting of the variance will not alter or impair the area or intent of the ordinance, and (4) that the relief to be granted is the least relief necessary. (R.I.G.L. § 45-24-41(c)). Felicio v.Fleury, 557 A.2d 480, 482 (R.I. 1989).
The record reveals that a denial of the requested side-yard variance would render the lot dimensionally unbuildable for a single-family residence, which is a permitted use in the area. Accordingly, the evidence before the Board was sufficient to find that the applicants would suffer more than a mere inconvenience were the application denied.
The Board had before it no evidence, only the issue as raised by the objectors, that the proposed residence may cause drainage problems or problems with the wells in the area. The record simply indicates that some of the neighbors had experienced drainage problems in the past with no competent evidence to support their bald-faced assertions from those who might have actual knowledge or expertise.
The Board failed to make any findings of fact which would support their denial of the application. Consequently, the Court finds that the Board abused its discretion in denying the application without making the requisite findings of fact.
Finally, at the hearing and in the Board's decision, the Board failed to address Article X, Sections 1 and 2 of the Zoning
Ordinance. Article 10 states:
Section 1. Prior Recorded Lots
 A lot or parcel of land having a lot width of area of lesser amounts than required in Article IX may be considered as coming within the minimum requirements of Article IX, provided such lot or parcel of land was shown on a recorded plat or on a recorded deed on the effective date of this ordinance and did not at such time adjoin other land of the same owner.
 Lots shown on a plat approved by the Johnston Planning Board and recorded in the office of the Town Clerk subsequent to January 6, 1953 and prior to the time this amendment becomes effective may be used for any use permitted in the zone in which such lots are located notwithstanding the failure of such lot to meet the minimum frontage and area requirements of such zone.
 Section 2. Contiguous Lots Under the Same Ownership
 Where no adjacent lot is in the same ownership at the time this amendment becomes effective, so as to enable the formation of a larger lot, an existing lot shown on a plat duly recorded in the office of the Town Clerk prior to January 6, 1953 which fails to meet either the minimum frontage requirements or minimum area requirements, or both, of this ordinance, may be used for a one-family dwelling in an R-40, R-20, R-15, R-10 and R-7 District. Where land adjacent to such a lot is in the same ownership, the exemption of the previous sentence shall not apply. If adjacent land in the same ownership is not sufficient to meet the minimum frontage requirements or minimum area requirements, or both, then the largest area and frontage which the adjoining common ownership make possible shall be provided.
 No parcel, tract or lots of land contiguous to each other and under single ownership shall be subdivided in a manner where the lot width or area shall be below the requirements fixed by this ordinance. No yard, or open space provided around any building for the purpose of complying with the provisions of this ordinance, shall again be used as a yard or open space for any other building.
 Nothing contained in Section 1 or 2 shall be construed to exempt such lots from the side yard, front yard, and rear yard requirements of the zone in which such lots are located.
The evidence presented by the applicants indicates that the subject lot had been an existing recorded lot prior to 1353, making the subject lot, pursuant to the Board's own ordinance, exempt from minimum frontage and area requirements. Therefore, the only issue before the Board is an application for a variance for the minimum side-yard requirement. As stated above, the record reveals that the applicants have demonstrated that a denial of the requested side-yard variance would be more than a mere inconvenience due to the fact that it would make the lot unbuildable.
After a review of the record, the Court finds that the decision of the Board was clearly erroneous in view of the reliable and probative evidence presented and the Board's ruling was in violation of the Johnston Zoning Ordinance provisions. Accordingly, the April 28, 1994 decision of the Board is reversed.
Counsel shall prepare the appropriate judgment for entry.