DECISION
The Armory Revival Company (plaintiff) brings this Appeal of the May 22, 1996 decision of the Zoning Board of Review of the City of Providence (Board). The Board approved the request of Barco, L.P. and Mohican Limited Partnership (defendants) for a special use permit and dimensional variances to relieve defendants from various provisions of the Providence Zoning Ordinance which govern dimensional, parking and landscape requirements. This court retains jurisdiction pursuant to G.L. 1956 § 45-24-20.
Facts
The Assessor designates the subject property as Assessor's Plat 25, Lots 246 and 247, Zoning District C-2, located at 344 Washington Street, Providence, Rhode Island. On January 8, 1996, defendants Barco, L.P. and Mohican Limited Partnership applied to the City of Providence Zoning Board of Review for relief to renovate a vacant building. The building, formerly a hotel, had been vacant for approximately seventeen years. The defendants sought to convert it into a permanent housing facility for homeless individuals. The defendants sought a dimensional variance to relieve them from the requirements of Providence Zoning Ordinance § 420.2 (governing height), § 305 (governing the minimum lot area per dwelling unit), and § 304 (governing the minimum front, rear and side yard area requirements). Defendants also sought a special use permit to relieve them of the parking and planted strip requirements of § 705, et seq. of the Providence Zoning Ordinance.
On April 16, 1996, the Department of Planning and Development for the City of Providence recommended that the Zoning Board grant the dimensional variance and special use permit sought by defendants. (See April 16, 1996 Letter of Department of Planning and Development).
On April 22, 1996, the Board held an advertised hearing on the application for the proposed dimensional variances and special use permit. At the hearing, the Board heard testimony from James Bartley, owner of the premises; Arnold Larson, Executive Director of YMCA Tower; Robert Stillings, architectural expert; Barbara Sokoloff, Community Planning expert; Frank Romeo, traffic engineering expert; and Clifden O'Reilly, Jr., real estate appraisal expert. Neighbors appeared at the hearing to oppose the board's grant of relief.
The five members of the zoning board voted unanimously to approve the application for the dimensional variances and special use permit. On May 22, 1996, the Zoning Board issued a written decision in Resolution No. 7949, in support of which the board made detailed findings of fact and conclusions of law. Notably, the board found the testimony provided by James F. Bartley, Arnold Larsen, Robert M. Stillings, qualified by the Board as an expert architect, Barbara Sokoloff, Frank Romano, qualified by the Board as an expert traffic engineer, and J. Clifden O'Reilly, Jr., qualified by the Board as a real estate expert, to be ". . . all credible, comprehensive, substantial, uncontradicted and unrebutted." (Board's Resolution at p. 4).
The plaintiffs filed the instant, timely appeal from the board's written decision. The plaintiffs, neighboring landowners, argue that this court should reverse the board's decision because it violates constitutional, statutory and ordinance provisions; it exceeds the authority granted to the board by state law and ordinance; it is characterized by unlawful procedure, affected by other error of laws, is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record, and is arbitrary, capricious and characterized by abuse of discretion.
Standard of Review
The Superior Court reviews zoning board decisions pursuant to G.L. 1956 § 45-24-69(D) which provides in pertinent part:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of finding, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law.
 "(5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)(citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977). This court's limited review applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the board. Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980).
Analysis
Plaintiff first argues that this court should reverse the board's decision because it contains errors of law. Specifically, the plaintiff characterizes the applicant's request for relief from the minimum lot area per dwelling unit as relief from "density" requirements. As a result, the plaintiff maintains that the applicants required a use variance, as opposed to the dimensional variance that the board granted. This court finds the plaintiff's argument without merit.
The plaintiff mischaracterizes the relief sought by the defendants as relief from "density" requirements. (See generally
Plaintiff's Brief). The defendants' application requests relief from the minimum lot area per dwelling unit requirement. (See
Application for Variance or Special Use Permit). The General Assembly distinguishes between density and minimum lot area per dwelling unit, and this distinction substantially affects the burden of proof which an applicant must sustain. R.I.G.L. §45-24-31 provides in pertinent part:
 "(49)(b) Nonconforming by dimension: . . . A building or structure containing more dwelling units than are permitted by the use regulations of a zoning ordinance shall be nonconforming by use; a building or structure containing a permitted number of dwelling units by the use regulations of the zoning ordinance, but not meeting the lot area per dwelling unit regulations, shall be nonconforming by dimension" R.I.G.L. § 45-24-31(49)(b). (Emphasis added).
The subject building contains a permitted number of dwelling units by the use regulations of the Providence Zoning Ordinance. Providence Zoning Ordinance, Section 303 — Use Regulations, Code 14, Multifamily Dwelling, C-2 Zone (permitting an unrestricted number of multifamily dwelling units by use and as of right in C-2 Zones). The subject building does not meet the lot area per dwelling unit regulations. Therefore, the building is deemed nonconforming by dimension. Providence Zoning Ordinance, Section 305 — Dimensional Regulations (requiring 1,200 sq. ft. per dwelling unit). Contrary to the plaintiff's argument, therefore, the pertinent statutory and ordinance provisions not only authorize, but also require, the board to treat the defendants' requested relief from the minimum lot area per dwelling unit as a request for a dimensional variance, rather than a use variance. Accordingly, at the April 22, 1996 hearing, the board properly employed the standard of a dimensional variance when it considered defendants' application.
The plaintiff further argues that even under the standard for a dimensional variance, the board's decision is clearly erroneous because the board's decision is not supported by the reliable, probative, and substantial evidence of the whole record. The General Assembly defines a dimensional variance as:
 "[p]ermission to depart from the dimensional requirements of a zoning ordinance, where the applicant . . . has shown, by evidence upon the record, that there is no other reasonable alternative way to enjoy a legally permitted beneficial use of the subject property unless granted the requested relief from the dimensional regulations." R.I.G.L. 45-24-31(61)(b).
The Rhode Island Supreme Court has further required a showing, by the landowner, that the adverse impact amounted to more than mere inconvenience. Felicio v. Fleury, 557 A.2d 480
(R.I. 1989). This court's review of the whole record reveals substantial, competent evidence to support the board's finding that the defendants had no other reasonable, alternative way to enjoy a legally permitted beneficial use of the subject property. Consequently, the defendants became entitled to the requested relief from the dimensional regulations. First, James F. Bartley, owner of the subject property, testified to his efforts made in the 1980s to rehabilitate the existing structure for commercial and office use, and how each of his efforts were not viable over a sixteen-year period of time. The board considered this testimony to be credible, comprehensive, substantial, uncontradicted and unrebutted. Resolution No. 7949, at p. 4. Second, the board viewed as reliable and credible the testimony of real estate expert J. Clifden O'Reilly, Jr., architectural expert Robert M. Stillings, and planning consultant Barbara Sokoloff and other record evidence, to establish that due to the location, size and character of the surrounding neighborhood, the parcel is not useable for anything less than the proposed fifty-seven dwelling units. For example, Mr. Stillings testified that the existing condition of the building required substantial renovations in order to comply with existing fire and building codes. (Tr. at 13-14). These renovations constitute "fixed costs," necessary for any renovation of the building. (Tr. 12-14). Furthermore, Mr. Stillings opined that the fixed costs would render any proposed renovation not viable for under 57 units. (Tr. at 13). Further, based on the testimony from all three expert witnesses, the board found that a hardship would be suffered by the owner if the dimensional variances were not granted that would amount to more than a mere inconvenience. (Board's Resolution, at p. 5).
In its complaint, the plaintiff alleged that "[n]either the grounds set forth in the application nor the evidence presented by the applicant at the hearing were sufficient to allow the granting of the . . . special use permit." (Plaintiff's Complaint, at paragraph 12). The plaintiff did not present evidence regarding this allegation at the hearing, nor did it pursue this allegation in its brief. The defendants, however, presented the expert testimony of traffic engineer Frank Romano to support their request for relief from the parking requirements of the ordinance. Mr. Romano testified that he conducted a field study of the traffic patterns of the area and a study of the parking needs of comparable facilities. He concluded that the proposed twenty-seven parking spaces, though less than the amount required by ordinance "would be more than adequate for this type of facility that is being proposed." (Tr. at 23). Furthermore, he opined that the impact on traffic as a result of the proposed facility would constitute "no effect whatsoever on congestion, delay or safety at those locations." (Tr. at 24). A review of the entire record reveals that substantial, competent and reliable evidence exists to support the board's grant of the special use permit.
Conclusion
After a careful review of the whole record, including all of the expert testimony presented in favor of the application, this court finds that substantial, reliable, and competent evidence exists to support the board's decision. Furthermore, this court specifically finds that the board acted within the authority granted to it by statute and ordinance, that the decision correctly interpreted and applied pertinent statutory and ordinance provisions, and that the decision constituted a proper exercise of the board's discretion. This court finds that substantial rights of the plaintiff have not been prejudiced as a result of the relief granted. Accordingly, this court upholds the decision of the board.
Counsel will file the appropriate judgment for entry.