DECISION
Before the court is an appeal from a decision of the Warwick Zoning Board of Review (Board) pursuant to G.L. 1956 §45-24-69. The appellant, Midwestern Homes, Inc. (appellant), appeals the Board's January 25, 1996 decision denying its request for a variance to construct a single-family dwelling. Before the court are (1) the certified record on appeal, including the Zoning Board's decision, exhibits, and testimony of the December 12, 1995 hearing, and (2) the memoranda of counsel.
 Facts/Travel
Appellant is the owner of the subject property, a vacant, approximately 7,000 square-foot lot, specifically referred to as Assessor's Plat 363, Lot 242 located to the left of 38 Marshall Avenue. The property fronts an unpaved extension of Marshall Avenue. See Agreement between City of Warwick Department of Public Works and Robert D'Andrea of 3/6/90. Said property is located in an A-7 residential zone which, pursuant to the Warwick Zoning Ordinance, permits a single-family dwelling. See Table 1, Use Regulations, the Warwick Zoning Ordinance. The ordinance also provides that a minimum lot area of 7,000 square feet is necessary to construct a single-family dwelling in an A-7 zone.See Table 2A Dimensional Regulations, the Warwick Zoning Ordinance. Section 304.6 also mandates that there shall be a minimum 70-foot frontage on a public street. Section 200.136 defines public street as "a public right-of-way or highway established, accepted or maintained under public authority." Section 200.95 defines lot frontage as that portion of a lot abutting a street."
The record contains a document in which R.J. Chateauneuf, the director of the City of Warwick Department of Public Works, agreed with Robert D'Andrea, the former owner of the subject property, that the latter would "layout and improve a 70 foot extension of Marshall Avenue" in accordance with city specifications. See Agreement between City of Warwick Department of Public Works and Robert D'Andrea of 3/6/90. After purchasing the property in February 1995, appellant applied to the Rhode Island Department of Environmental Management Wetlands Division (DEM) for a permit to "improve" Marshall Avenue. See Petitioner's Exhibit 2. However, on May 18, 1995, DEM notified appellant that he must obtain the city's signature because the application dealt with "property owned by the City of Warwick (i.e. the right-of-way for Marshall Avenue)." See 12/12/95 Testimony at 6. Consequently, appellant was denied a building permit. See
Application for Exception or Variation under the Zoning Ordinance.
As a result of the city's refusal to sign the above-mentioned application, appellant submitted a second application to DEM requesting a permit to install a driveway on the subject property, thereby extending it to the paved portion of Marshall Avenue. On November 24, 1995, DEM granted an "insignificant alteration permit" to construct the driveway. See Petitioner's Exhibit #4.
On September 19, 1995, appellant applied to the Board for a dimensional variance in order to construct a single-family dwelling. See Exhibit A. Specifically, appellant requested relief from Section 304.6 and Table 2A Dimensional Regulations, which require a minimum 70-foot road frontage for A-7 residentially zoned property. On December 12, 1995, at a properly advertised hearing, the Board heard testimony regarding said application. Mark Carruolo, a representative of the Warwick Planning Department, recommended that the application be denied on the basis that the petition was in direct conflict with Zoning Ordinance Section 304.6. See 12/12/95 Testimony at 1. Mr. Carruolo testified that if the Board granted appellant's request for a variance it would create a public safety problem because routine and emergency city services would not have access to appellant's lot. See 12/12/95 Testimony at 1.
The appellant's attorney, John Webster, testified that appellant had attempted to conform to the ordinance frontage requirement when he applied to DEM for a permit to extend and improve Marshall Avenue. See 12/12/95 Testimony at 2. Mr. Webster further testified that DEM had approved that permit but had requested that the City of Warwick, as the owner of Marshall Avenue, sign the application. See 12/12/95 Testimony at 2. Mr. Webster also testified that although he had sent many letters and had participated in numerous meetings with the city, he had not received any written response from the city regarding its refusal to sign the DEM application. See 12/12/95 Testimony at 3. The Board questioned appellant's purchase of the subject property with knowledge that it did not comply with the ordinance requirements. See 12/12/95 Testimony at 2, 4, 8 and 9. Mr. Webster responded that appellant had relied on the town records which contained the letter in which the city had expressed its consent to the "improvement" of Marshall Avenue. See 12/12/95 Testimony at 3. In addition, appellant testified that a city engineer had instructed him to submit to DEM an application to improve Marshall Avenue. See 12/12/95 Testimony at 7. Both Mr. Webster and appellant's representative testified that appellant had exhausted every possible avenue of getting the city to sign its application and that without the Board's approval of a variance, the subject property was "not buildable." See 12/12/95 Testimony at 7 and 8. At the conclusion of the hearing, the Board voted to deny the requested variance. See 12/12/95 Testimony at 11. On January 25, 1996, the Board issued its decision. See
Exhibit D.
The appellant filed a timely appeal to this court asserting that there was an insufficient evidentiary and factual basis to support the Board's decision and that the evidence and facts before the Board demonstrated that its decision was erroneous.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decision which are:
 "(1) In violation of constitutional, statutory, or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370 (R.I. 1994) (citingTown of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
 The Dimensional Variance
In the instant matter, appellant properly sought a deviation, also known as a Viti or dimensional variance. The Rhode Island Supreme Court has applied the Viti doctrine to grant relief from a violation of the frontage requirements in the applicable zoning ordinance. Bamber v. Zoning Board of Review, 591 A.2d 1220, 1223 (R.I. 1991) (citing Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989)). Consequently, appellant's burden before the Board was to demonstrate that denial of the requested relief would have an adverse impact amounting to more than a mere inconvenience. Id.
The Supreme Court has held that requiring a landowner to either use his lot for agricultural purposes or not use his land at all would constitute an adverse impact amounting to more than a mere inconvenience. Felicio, 557 A.2d at 482-83. Moreover, the Supreme Court has rejected the proposition that "an application for a variance must be denied because the applicant knew when he purchased the land that its use was limited by zoning restrictions." Denton v. Zoning Board of Warwick, 86 R.I. 219, 223, 133 A.2d 718 (1957).
The Board had before it evidence that the subject property satisfied the frontage requirements set forth in the ordinance. Section 304.6 mandates that "no structure shall be erected on or moved onto a lot which does not have frontage on a public street equal to or greater than the required minimum frontage in table 2 . . ." Table 2A mandates a 70-foot minimum frontage for an A-7 residentially zoned lot. However, both Section 200.95 in the ordinance and RIGL § 45-24-31 (42) define lot frontage as "that portion of a lot abutting a street." The term "street" is not defined in the statute. The record reflects that Marshall Avenue is a designated street in the City of Warwick and that the street, in an unimproved form, extends in front of the subject property. See Agreement between City of Warwick Department of Public Works and Robert D'Andrea of 3/6/90 and 12/12/95 Testimony at 2. Furthermore, the city referred to the property in front of the subject property as a "street right-of-way." See Agreement between City of Warwick Department of Public Works and Robert D'Andrea of 3/6/90. Our Supreme Court has interpreted the word "street," as set forth in the Rhode Island General Laws, to include a private right-of-way. Taylor v. Marshall, 376 A.2d 712, 715-16 (1977).
In its denial of the appellant's request for a variance, the Board specifically set forth the following:
 "A. That the granting of this request would alter the general character of the surrounding area [sic] all of the dwellings within the immediate comply with the zoning requirements.
 "B. That the granting of the variance would create safety problems because of inadequate access by fire and other safety vehicles.
 "C. That the [sic] for the Zoning Board to grant this request the hardship which the petitioner seeks to avoid shall not have been self imposed, the petitioner purchased the subject property knowing that the lot did not have the proper street frontage. The subject property is owned by a building company and the petitioner should have known the property did not contain the proper frontage."
An examination of the entire record, however, reveals that the appellant amply satisfied his burden of demonstrating that he would suffer "more than a mere inconvenience" if relief was not granted; without the relief his lot was not buildable. Consequently, the Board erred in denying the requested relief for the reasons set forth above. Simply put, the Board applied an improper standard in reaching its determination.
After review of the entire record, this court finds that the January 25, 1996 decision of the Warwick Zoning Board of Review was clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; the appellant's substantial rights have been prejudiced. As a result, the decision of the Warwick Zoning Board of Review hereby is reversed.
Counsel shall prepare the appropriate judgment for entry.